417 A.2d 254
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William McELHENNY.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1979.

Filed Dec. 21, 1979.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Gilbert B. Abramson, Philadelphia, for appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant Commonwealth contends that the lower court erred in sustaining appellee William McElhenny's motion to suppress a tape recorded inculpatory statement made by appellee during an unsolicited telephone call to a police communications center. We disagree and, accordingly, affirm the order of the court below.

On August 20, 1977, police discovered the body of Margaret McGuire McElhenny at a residence located at 2723 Sears Street in Philadelphia. At 10:21 P.M. that same evening, the Police Radio Emergency Center at the Police Administration Building received a telephone call from a male caller who stated: "Officer, I killed Margie McGuire." The caller also informed the answering officer that he was wearing black shoes and a flowered shirt; and that he "was her husband." The conversation was tape recorded pursuant to standard practice at the Center. On August 21 and 22, 1977, McElhenny was taken to the Police Administration Building, but refused to answer any questions. On August 22, 1977, police arrested McElhenny and charged him with the murder of his wife. McElhenny filed a motion to suppress the taped conversation. The lower court held a hearing on the motion at which the tape was authenticated. On May 10, 1978, Judge DELLA PORTA granted the motion to suppress because McElhenny had not consented in writing to use of the tape. The Commonwealth then appealed from the order of the court below.

The applicable Pennsylvania statute in effect at the time the relevant incidents in this case occurred provided:

§ 5702. *Breach of privacy of telephone or telegraph communications.*

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

(a) Offense defined—

A person commits a misdemeanor of the second degree if he:

(1) intercepts without permission of the parties to the communication a message . . . by telephone or telegraph; . . ..

.    .    .    .    .    .

(c) Police and emergency communications systems— Subsection (a) shall not extend to the recording of telephone communications coming into [or] going out . . . of a police department, . . .: Provided, That the telephones thereof are limited to the exclusive use of the communication system for administrative purposes and provided the communication system employs a periodic warning tone to indicate to the parties to the conversation that the call is being recorded: And provided That:

(1) No use shall be made of any recording made pursuant to this subsection including, but not limited to, direct or indirect use in any court or administrative proceeding, except:

.    .    .    .    .

(ii) with the written consent of the person calling the communication center.

.    .    .    .    .

Act of April 7, 1976, P.L. 69, 18 Pa.C.S.A. § 5702 (repealed 1978). Thus, the statute on its face requires the written consent of the defendant in order for the Commonwealth to offer into evidence conversations legally taped by police communications systems pursuant to the police exception created by subsection (c). The Commonwealth on this appeal asks us to recognize an additional exception to subsection (a) for unsolicited calls taped by police communications systems with the implied consent of the caller. To support its proposition, the Commonwealth cites *Commonwealth v. Gullett*, 459 Pa. 431, 329 A.2d 513 (1974), decided under an earlier statute which contained no explicit exceptions to the rule prohibiting admission of evidence obtained as a result of

interception of telecommunications without permission.[1] In *Gullett,* the Commonwealth introduced into evidence a tape recording of a phone call to police by the accused in which he advised police of the location of a body and stated that there would be more bodies when the police arrived. The Court in *Gullett* held that: "From the nature of the call, the non-confidential quality of the information conveyed, the emergency atmosphere the communication engendered, and the particular agency to which the disclosure was directed, it is apparent that the caller did not intend the privacy of the communication to be maintained." *Id.,* 459 Pa. at 443, 329 A.2d at 519. The Court, therefore, concluded that the statute did not prohibit use of the tape as evidence because the caller had given the police his implied permission to record the call. We decline to read a similar exception into the statute in question in this case. Unlike the earlier statute, the legislature has provided an explicit exception in this statute. Where such an explicit exception exists, we see no need to carve out yet another situation in which the general prohibition against intercepting telecommunications may be circumvented. We therefore affirm the order of the court below suppressing this taped conversation.

Order affirmed.

---

1. Act of December 6, 1972, P.L. 1482; 18 Pa.C.S.A. § 5702 (repealed 1978).